# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY McCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIF. DEPT. OF CORR. & REHAB., et al.,<br><br>    Defendants. | Case No.  1:16-cv-00098-DAD-BAM-PC<br><br>Kern County Superior Court<br>Case No. BCV-15-101025<br><br>FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION TO REMAND THIS ACTION TO STATE COURT<br><br>(ECF NO. 11)<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff Lakeith McCoy is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's February 24, 2016, motion remand this action to state court. Defendant California Department of Corrections and Rehabilitation (CDCR) has opposed the motion.

**I.      Background**

This action was initiated by civil complaint filed in Kern County Superior Court on September 22, 2105.  Plaintiff effected service on the CDCR on December 24, 2015, and Defendant CDCR removed the matter to this Court on January 19, 2016, pursuant to 28 U.S.C. § 1441. (ECF No. 2.)  On February 24, 2016, Plaintiff filed a motion to remand this action to state

1

1  court. (ECF No. 11.)  Defendant filed opposition to the motion on March 23, 2016.  (ECF No.
2  13.)  On March 23, 2016, Defendants Jacabo-Tapia, King, Morre, Casillas, Holguin, and Wright
3  filed a Notice of Appearance, and Consent to Removal and Joinder in Opposition to Plaintiff's
4  Motion to Remand. (ECF No. 12.)

5        This is one of three lawsuits filed by Plaintiff arising out of the same incident involving
6  correctional officers at California Correctional Institution Tehachapi (CCI) on March 12, 2015.
7  Plaintiff asserts five causes of action: (1) assault, (2) deceit, (3) intentional infliction of
8  emotional distress, (4) property damage, and (5) breach of duty. (ECF NO. 2, pp, 5-17.)  In case
9  number 1:15-cv-00768-MJS-PC, McCoy v. Holguin, et al., Plaintiff asserts claims of excessive
10 force and failure to protect in violation of the Eighth Amendment arising out of the same March
11 12, 2015, incident that forms the basis of this action.  In case number 1:16-cv-00088-DLB-PC,
12 Plaintiff asserts causes of action for negligence and breach of confidentiality, based on the same
13 March 12, 2015, incident that forms the basis of this action.  On May 12, 2016, an order was
14 entered, remanding case number 1:16-cv-00088-DLB-PC to Kern County Superior Court.

15 **II.**   **Discussion**

16       Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of
17 which the district courts of the United States have original jurisdiction."  District courts "shall
18 have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of
19 the United States." 28 U.S.C. § 1331.  The removal statute is strictly construed, and Defendants
20 bear the burden of establishing grounds for removal.  Syngenta Crop Protection, Inc. v. Henson,
21 537 U.S. 28, 32 (2002); Provincial Gov's of Marinduque v. Placer Dome, Inc., 582 F.3d 1083,
22 1087 (9th Cir. 2009).  As a threshold matter, courts "must consider whether federal jurisdiction
23 exists, even if no objection is made to removal, and even if both parties stipulate to federal
24 jurisdiction."  Rains v. Criterion Systems, Inc., 80 F.3d 33, 342 (9th Cir. 1996) (citations
25 omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of
26 removal in the first instance.'"  Duncan v. Stetzle, 76 F.3d 1480, 1485 (9ith Cir. 1996) (quoting
27 Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

28       "The presence or absence of federal-question jurisdiction is governed by the well-pleaded

complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

In this instance, Plaintiff's complaint does not plead claims for relief under 42 U.S.C. § 1983. Plaintiff's complaint clearly sets forth the named Defendants, the facts in support of his claims, and his legal claims. Plaintiff sets forth claims of negligence and breach of confidentiality. Plaintiff makes no reference to 42 U.S.C. § 1983 or any other provision of federal law. Plaintiff does refer generally to a policy that allows inmates to be assaulted in retaliation for filing inmate grievances. (ECF No. 2 at 9:1.) Plaintiff does not, however, refer to any First Amendment claims, assuming such a vague reference to federal law could be construed as a federal claim, Plaintiff can avoid removal by ignoring the federal claim and alleging only state law claims. Rains v. Criterion Systems, Inc., 80 F.3d 339, 344, (9th Cir. 1996); Carpenter v. Wichita Falls Ind. School Dist., 44 F.3d 362, 366 (5th Cir. 1995). In his motion, Plaintiff indicates that his reference to retaliation "could potentially be a retaliation claim under only California law." (ECF No. 11 at 6:20.)

Defendants argue that this is one of three cases brought by Plaintiff, arising out of the same facts. Plaintiff filed two of them, including this one, in Kern County Superior Court and one of them, asserting claims under 42 U.S.C. § 1983, in this court. Defendants argue that because all three actions arise out of the same conduct, they should all be brought in federal court.

A complaint brought in state court that was the subject of numerous federal suits was properly in state court, because the plaintiff's state law characterization was binding. Redwood Theatres, Inc. v. Festival Enterprises, Inc., 908 F.2d 477, 479 (9th Cir. 1990). Where a plaintiff could maintain claims under both federal and state law, plaintiff could prevent removal by ignoring the federal claim and alleging only state law claims. Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996); Carpenter v. Wichita Falls Ind. School Dist., 44 F.3d 362, 366

(5th Cir. 1995).

Here, the complaint relies on state law.  The only potential reference to federal law is Plaintiff's allegation regarding retaliation, which Plaintiff indicates he desires to pursue under California law.  A motion to remand is the proper procedure for challenging removal.  Babasa v. Lens Crafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007.)   Where doubt regarding the right to removal exists, a case should be remanded to state court.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  Here, the Court finds that Plaintiff has exercised his right to rely exclusively on state law, although the Court expresses no opinion on the viability of those claims.  Caterpillar, Inc., 482 U.S. at 392.  The Court lacks subject matter jurisdiction over this action and it should remanded to Kern County Superior Court.

Accordingly, IT IS HEREBY RECOMMENDED that this action be Remanded to Kern County Superior Court for lack of subject matter jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of  28 U.S.C. §636 (b)(1)(B).  Within **fourteen (14)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 15, 2016**              /s/ *Barbara A. McAuliffe*       _
                                          UNITED STATES MAGISTRATE JUDGE